# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

BEVERLY J. WILLIAMSON,                   )
                                         )
and                                      )
                                         )
REBECCA PALMER                           )
                                         )          Case No.  4:18-cv-00513-DGK
                    Plaintiffs,          )
                                         )
         vs.                             )
                                         )
COMMERCE BANK                            )
                                         )
                    Defendant.           )

## DEFENDANT COMMERCE BANK'S
## <u>SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>

## TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................. 1

II.  ARGUMENT ....................................................................................................... 3

    A.  Commerce's Removal Is Proper Under CAFA. ....................................... 3

        1.  CAFA's Requirements Are Met. ...................................................... 3

        2.  Commerce Is "A Defendant" Entitled To Remove Under CAFA. ............. 4

    B.  Plaintiffs' Authorities Are Unavailing. .................................................. 8

    C.  Commerce Did Not Waive Its Right To Remove. ................................. 13

    D.  There Is No Basis For Awarding Costs And Fees To Plaintiffs. ......................... 15

III.  CONCLUSION ................................................................................................. 15

Case 4:18-cv-00513-DGK   Document 10   Filed 07/25/18   Page 2 of 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Lederle Laboratories,*
    569 F. Supp. 234 (W.D. Mo. 1983) ........................................................................ 14

*Arrow Financial Services, LLC. v. Williams,*
    2011 WL 9158435 (W.D. Mo. Jan. 20, 2011) ................................................ 12, 13

*Bajaba, LLC v. Gen. Steel Dom. Sales, LLC,*
    14-CV-4057, 2014 WL 5363905 (W.D. Ark. Oct. 21, 2014) ............................ 14

*Bell v. Hershey Co.,*
    557 F.3d 953 (8th Cir. 2009) ................................................................................ 3

*Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,*
    631 F.Supp. 171 (W.D. Tenn. 1986) ................................................................... 14

*Convent Corp. v. City of North Little Rock, Ark.,*
    784 F. 3d 479 (8th Cir. 2015) .............................................................................. 15

*Crump v. Wal-Mart Group Health Plan,*
    925 F. Supp. 1214 (W.D. Ky. 1996) ..................................................................... 6

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
    135 S. Ct. 547 (2014) ..................................................................................... 3, 11

*Gauert v. Gerdau Ameristeel U.S. Inc.,*
    2017 WL 1609861 (W.D. Mo. May 1, 2017) (Kays, J.) .................................... 11

*General Credit Acceptance Co., LLC. v. Deaver,*
    2013 WL 2420392 (E.D. Mo. June 3, 2013) ........................................ 10, 12, 13

*Grawitch v. Charter Commc'ns, Inc.,*
    750 F.3d 956 (8th Cir. 2014) ................................................... 2, 4, 10, 15

*Hargis v. Access Capital Funding, LLC,*
    675 F.3d 783 (8th Cir. 2012) ............................................................................... 10

*Hickman v. Alpine Mgmt. Grp.,*
    919 F. Supp. 2d 1038 (W.D. Mo. 2013) ............................................................ 6, 8

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,*
    535 U.S. 826 (2002) ............................................................................................ 12

*Hrivnak v. NCO Portfolio Mgmt., Inc.*,
    723 F. Supp. 2d 1020 (N.D. Ohio 2010), *aff'd,* 719 F.3d 564 (6th Cir. 2013) ..........................2, 6

*Indianapolis v. Chase Nat'l Bank*,
    314 U.S. 63 (1941) .......................................................................................*passim*

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) .................................................................................................15

*Mason City & Ft. D.R. Co. v. Boynton*,
    204 U.S. 570 (1907), reaffirmed in *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S.
    574 (1954) .......................................................................................................2, 4, 5

*Midland Funding LLC v. Jackson*,
    2014 WL 2800756 (E.D. Mo. June 19, 2014) .............................................................13

*Mikelson v. Allstate Fire and Cas. Ins. Co.*,
    16-01237-CV-W-RK, 2017 WL 634515 (W.D. Mo. Feb. 16, 2017) (*Ketchmark,
    J.*) ...........................................................................................................................10

*Minot Builders Supply Ass'n v. Teamsters Local 123*,
    703 F.2d 324 (8th Cir. 1982) .....................................................................................4

*Parshall v. Menard, Inc.*,
    4:16-CV-828, 2016 WL 3916394 (E.D. Mo. July 20, 2016) .......................................14

*Passmore v. Discover Bank*,
    No. 1:11CV01347, 2012 WL 2332233 (N.D. Ohio June 14, 2012) .............................6

*Portis v. Sears, Roebuck & Co.*,
    621 F. Supp. 682 (E.D. Mo. 1985) .............................................................................4

*Pudlowski v. The St. Louis Rams, LLC*,
    No. 16-8009, 2016 WL 3902660 (8th Cir. July 19, 2016) ...............................2, 10, 15

*Schubert v. Auto Owners Ins. Co.*,
    649 F.3d 817 (8th Cir. 2011) ..............................................................................5, 10

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) ....................................................................................*passim*

*Simon v. Liberty Mut. Fire Ins. Co.*,
    No. 4:17-CV-0152-DGK, 2017 WL 6209705 (W.D. Mo. Dec. 8, 2017) (Kays, J.)...................10

*Slocum v. Gerber Products Co.*,
    2:16-CV-04120-NKL, 2016 WL 3983873 (W.D. Mo. July 25, 2016) (Laughrey,
    J.) .........................................................................................................................11

*Steeby v. Discover Bank,*
    980 F. Supp. 2d 1131 (W.D. Mo. 2013) ...............................................................*passim*

*Stewart v. Bureaus Inv. Grp. No. 1,*
    No. 3:10-CV-1019-WKW, 2011 WL 2313213 (M.D. Ala. June 10, 2011) ........................*passim*

*Tri-State Water Treatment, Inc. v. Bauer,*
    845 F.3d 350 (7th Cir. 2017) ...............................................................................9

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*
    *Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,*
    602 F.3d 1087 (9th Cir. 2010) .............................................................................3

*Universal Underwriters Ins. Co. v. Wagner,*
    367 F. 2d 866 (8th Cir. 1966) ....................................................................*passim*

*Vassalle v. Midland Funding LLC,*
    708 F.3d 747 (6th Cir. 2013) ...........................................................................6, 13

*West v. Aurora City,*
    73 U.S. (6 Wall.) 139 (1867) ...............................................................................9

*Williams v. Employers Mut. Cas. Co.,*
    845 F.3d 891, 900 (8th Cir. 2017) ....................................................................2, 15

*Wright v. Lupton,*
    118 F. Supp. 25 (W.D. Mo. 1954) ........................................................................14

*Zea v. Avis Rent a Car Sys., Inc.,*
    435 F. Supp. 2d 603 (S.D. Tex. 2006) ................................................................2, 6

**Statutes**

28 U.S.C. § 1332 ...........................................................................................................5

28 U.S.C. § 1332(a) .....................................................................................................10

28 U.S.C. § 1332(d) .......................................................................................................4

28 U.S.C. § 1332(d)(2)(A), d(5)(B), d(6) .......................................................................4

28 U.S.C. § 1441(a) ...................................................................................................8, 10

28 U.S.C. §§ 1446 and 1453 .........................................................................................1

28 U.S.C. § 1446(a) .......................................................................................................4

28 U.S.C. § 1446(b)(3) .................................................................................................13

Case 4:18-cv-00513-DGK   Document 10   Filed 07/25/18   Page 5 of 22

28 U.S.C. § 1446(b)(C)(3) ................................................................................ 14

28 U.S.C. §1447(c) ........................................................................................ 15

28 U.S.C. § 1453(b) ......................................................................................... 4

Class Action Fairness Act of 2005 ........................................................... *passim*

Pub. L. 109-2, 119 Stat. 4, § 9 (2005) ............................................................ 4

RSMo. § 517.011.1(1) ....................................................................................... 5

**Other Authorities**

S. Rep. No. 109-14 (2005), reprinted in 2005 U.S.C.C.A.N. 3 ........................... 3

# I. INTRODUCTION

The Court should deny Plaintiffs' Motion to Remand because *at the time of removal* Commerce was nominally, substantively, functionally, and exclusively the *defendant* in this case, which entitles it to remove this putative class action under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiffs' argument here is that despite meeting the requirements of CAFA, their claims cannot be adjudicated in federal court solely because they were initially and intentionally (to avoid removal under CAFA) filed as state court counterclaims, making improper Commerce's admittedly otherwise proper removal. The heart (and critical flaw) of Plaintiffs' argument is "[b]ecause §§ 1441(a) and 1453(b) use the *Shamrock Oil*[1] definition of the word 'defendant,' [citations omitted], this Court should remand this case to state court as it did in *Steeby*." ECF 8 at 3. But Plaintiffs' "once a plaintiff always a plaintiff" position is unsound. *Shamrock* did not address— let alone define "defendant" to exclude—a realigned plaintiff whose claim has been dismissed with prejudice. Nor was CAFA a factor when *Shamrock* was decided in 1941. *Shamrock*'s holding is limited to the unremarkable proposition that a state court *plaintiff* cannot remove on the basis of a counterclaim. There is no question that *at the time of removal* Commerce was "a defendant" entitled to remove under 28 U.S.C. §§ 1446 and 1453. And it is "time of removal" that is the appropriate lens here.

For that reason, Plaintiffs' reliance on *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131 (W.D. Mo. 2013) is also misplaced. In *Steeby*, this Court assessed removal based on a snapshot of the parties *at the time of the filing of the original complaint*, thus finding a substantive analysis to be unnecessary. *Id.* at 1136. Subsequent to *Steeby,* however, the Eighth Circuit has three times

---

[1] *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).

Case 4:18-cv-00513-DGK   Document 10   Filed 07/25/18   Page 7 of 22

confirmed that the propriety of removal is to be assessed *at the time of removal*. *See Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 900 (8th Cir. 2017); *Pudlowski v. The St. Louis Rams, LLC*, No. 16-8009, 2016 WL 3902660, at *1 (8th Cir. July 19, 2016); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (recognizing under CAFA that "[t]he court's jurisdiction is measured at the time of removal."). That is consistent with Supreme Court precedent interpreting the term "defendant" in federal removal statutes, which requires courts to make a substantive determination based on the circumstances of the particular case. *See Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570, 578–80 (1907), reaffirmed in *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578–80 (1954). Indeed, only six months after its decision in *Shamrock*, the Supreme Court directed that in diversity removal cases: "It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute," and in so doing, look to "the principal purpose of the suit and the primary and controlling matter in the dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941).

Thus, when viewed through the proper lens, the answer to the question presented here is clear—at the time of removal Commerce was nominally, substantively, and exclusively *the defendant* and therefore entitled to remove. Similar to the Eighth Circuit, other circuits have held that federal jurisdiction is assessed at the time of removal, and courts in those circuits (Sixth, Eleventh, and Fifth) appropriately looked at the substantive interests of the parties at the time of removal—and are in accord with allowing removal in circumstances similar to this case. *See, e.g., Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1028 (N.D. Ohio 2010), *aff'd*, 719 F.3d 564 (6th Cir. 2013); *Stewart v. Bureaus Inv. Grp. No. 1*, No. 3:10-CV-1019-WKW, 2011 WL 2313213, at *6 (M.D. Ala. June 10, 2011); *Zea v. Avis Rent a Car Sys., Inc.*, 435 F. Supp. 2d 603, 607 (S.D. Tex. 2006). Here, 80% of the alleged class members are non-Missouri residents (ECF 1,

¶ 30), thus presenting a multitude of state laws with varying interpretations of the UCC—matters which federal courts are better suited to address—and removal is unquestionably consistent with CAFA's express purpose to expand federal jurisdiction over multi-state class actions.

## II. ARGUMENT

### A.  Commerce's Removal Is Proper Under CAFA.

#### 1.  CAFA's Requirements Are Met.

"A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.*, 557 F.3d 953, 957–58 (8th Cir. 2009) (citing CAFA, Pub.L. No. 109–2, § 2(a)(2)(B), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711) ("[T]here have been abuses of the class action device that have adversely affected interstate commerce."); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010) ("Congress passed the Class Action Fairness Act primarily to curb perceived abuses of the class action device which…had often been used to litigate multi-state or even national class actions in state courts.").[2]  The Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

---

[2] In adopting CAFA, the Senate Judiciary Committee Report noted "[CAFA] is intended to expand substantially federal court jurisdiction over class actions."  S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41. Additionally, the Senate Judiciary Committee cautioned against state courts litigating multi-state class actions, the very reason for expanding jurisdiction under CAFA.  "[M]any state courts freely issue rulings in class action cases that have nationwide ramifications, sometimes overturning well-established laws and policies of other jurisdictions."  S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41.  "The lack of a federal forum for most interstate class actions and the inconsistent administration of class actions in state courts have led to several forms of abuse," including lawyers, not class members, benefitting from settlements, corporate defendants forced to settle frivolous claims, due process rights being ignored, and "copy-cat cases" forcing defendants to litigate cases in many jurisdictions, which increase consumer costs. *Id.* at 15.

CAFA relaxed the traditional removal rules by authorizing the removal of putative class actions "commenced" on or after February 18, 2005, if: (i) the amount-in-controversy exceeds $5 million in the aggregate; (ii) the citizenship of at least one member of the proposed class is diverse from any defendant; and (iii) the proposed class size is not less than 100. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), d(6), "note re: "Effective and Applicability Provisions – 2005 Acts"; Pub. L. 109-2, 119 Stat. 4, § 9 (2005). Commerce's Notice of Removal meets these relaxed requirements (*see* ECF 1), and Plaintiffs do not challenge that those requirements are met.

## 2. Commerce Is "A Defendant" Entitled To Remove Under CAFA.

CAFA authorizes the removal of certain class actions by "[a] defendant or defendants." *See* 28 U.S.C. § 1332(d); 28 U.S.C. § 1453(b); 28 U.S.C. § 1446(a). Federal law determines who is a defendant for purposes of removal. *Stude*, 346 U.S. at 578–80; *Minot Builders Supply Ass'n v. Teamsters Local 123*, 703 F.2d 324, 327 (8th Cir. 1982); *see also* n. 4 *infra*. The Supreme Court made clear over a 100 years ago that the determination of who is a defendant for purposes of removal is a substantive analysis. *See Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570, 578–80 (1907); *see also Stude*, 346 U.S. at 578–80; *Minot Builders Supply Ass'n*, 703 F.2d at 327 (holding a union, which was not named as a defendant, was a defendant entitled to remove "as a practical matter" based on a substantive analysis). The keys to that substantive analysis are ascertaining the "principal purpose of the suit," "the primary and controlling matter in dispute," and who controls "the institution and continuance of the proceedings" (*see Boynton*, 204 U.S. at 580; *Chase*, 314 U.S. at 69), and doing so "***at the time of removal***" based on the record ***at the time of removal***. *See, e.g., Grawitch*, 750 F.3d at 959 (CAFA case; stating "[t]he court's jurisdiction is measured at the time of removal") (citing *Hargis v. Access Capital Funding, LLC*, 675 F.3d 783, 789 (8th Cir. 2012)); *Portis v. Sears, Roebuck & Co.*, 621 F. Supp. 682, 683 (E.D. Mo. 1985) (citing *Pullam Co. v.*

- 4 -

*Jenkins*, 305 U.S. 534 (1939)) ("Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the petition for removal is filed.").[3]

Applying these well-established principles to the facts of this case results in only one conclusion: Commerce is a defendant entitled to remove under CAFA. This case began on May 2, 2016, as a simple claim for a $13,023 deficiency judgment filed by Commerce against Plaintiffs in the Associate Circuit Court of Carroll County, Missouri, which was the only court where Commerce could file the claim. *See* ECF 1, ¶1; RSMo. § 517.011.1(1); 28 U.S.C. § 1332. In response, Plaintiffs filed an Amended Answer and Counterclaim (the "Complaint") on behalf of a putative nationwide class alleging that Commerce's Pre-Sale and Post-Sale Notices are defective and misleading under the Missouri Uniform Commercial Code. *See* ECF 1-2 at 28-38. Commerce dismissed its deficiency claim with prejudice (*id.* at 190), leaving Plaintiffs' Complaint, and its claims for millions of dollars in damages from Commerce, as the only remaining claims in the case. *See* ECF 1, ¶¶17-21. On June 27, 2018, the state court granted Commerce's Motion to Realign the Parties, and formally realigned and nominated Commerce as the "Defendant" in this case. ECF 1-1. Commerce removed this case a week later, on July 6, 2018. ECF 1. Thus, *at the time of removal*, Commerce was a "defendant" under federal law entitled to remove because: (1) it was formally nominated as the "Defendant" by the state court; (2) the "principal purpose of the suit" and "the primary and controlling matter in dispute" (indeed the *only* matters in dispute) are the putative class claims asserted by Plaintiffs in the Complaint; and (3) Plaintiffs (and *only* Plaintiffs) control "the institution and continuance of the proceedings." *See Boynton*, 204 U.S. at 580; *Chase Nat. Bank*, 314 U.S. at 69.

---

[3] *See also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (measuring court's jurisdiction at time of removal (or, for complaints originally filed in federal court, at time of commencement of action) "is axiomatic"); *Lutz v. Pickle*, No. 4:14CV1775 TCM, 2015 WL 2412194, at *1 (E.D. Mo. May 20, 2015) (same).

The same conclusion was reached in in *Hickman v. Alpine Mgmt. Grp.*, 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013) (denying remand of case removed by original state court plaintiff because dismissal of plaintiff's affirmative claims rendered her "substantively the defendant").[4] Other courts reached this conclusion in factually similar circumstances. *Hrivnak*, 723 F. Supp. 2d at 1028 ("This Court must exercise its own judgment to determine whether parties are truly opposed to each other, *see Chase National Bank*, 314 U.S. at 70, 62 S.Ct. 15, and *it would be a strange limitation on this rule to hold that the Court must nevertheless consider the party who asserted all of the affirmative claims pending in this action at the time of removal to be a defendant....*") (Emphasis added); *Stewart*, 2011 WL 2313213, at *6 (discussed more fully below); *see also Passmore v. Discover Bank*, No. 1:11CV01347, 2012 WL 2332233, at *1 (N.D. Ohio June 14, 2012) (allowing removal after realignment); *Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013) (finding district court had federal subject matter jurisdiction over a class action claim initially filed in state court as a counterclaim because the original plaintiff's claim was dismissed and the parties were realigned before removal by the state court); *Zea v. Avis Rent a Car System, Inc.*, 435 F. Supp. 2d 603 (S.D. Tex. 2006) (allowing removal by original third-party defendants after realignment by the state court because the realignment order "turned this case from a nonremovable case to a removable case."); *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1219-20 (W.D. Ky. 1996) (allowing removal by original intervening plaintiff of original defendant's cross claim after the cross claim was severed and the parties realigned).

---

[4] The *Hickman* court's extensive substantive removal analysis was not based on any delay by the debtor in moving to remand, but rather the fact that *Shamrock* and the law "does not support [Hickman's assertion] that once a counterclaim, always a counterclaim, or that once a plaintiff always a plaintiff." *Id.* at 1042-43. "'The notice of removal creates a jurisdictional snapshot of a case to which a federal court looks to determine federal jurisdiction.'" *Id.* at 1043 (citation omitted).

The *Stewart* decision is closely analogous to the present case. There, the original plaintiff removed the defendant's counterclaim after it dismissed its debt collection claim and the state court realigned the parties. The defendant moved to remand, making the same argument advanced by Plaintiffs here, i.e., that *Shamrock* established the rule that "'once a plaintiff always a plaintiff[;] likewise once a defendant always a defendant.'" 2011 WL 2313213 at *2. The court closely analyzed the situation, noting that neither its circuit (the Eleventh) nor any other circuit had addressed the realignment-removal issue (*id.*), and then rejected the defendant's argument as overstretching *Shamrock*'s guidance, stating:

> Nowhere in *Shamrock* is such a principle elaborated, suggested, or even implicated…. In *Shamrock*, the removing plaintiff still had pending claims from its original complaint…. Although the plaintiff in *Shamrock* was in substance a defendant on the counterclaim, it was also in substance a plaintiff on its own claims. *Unlike the removing plaintiff in Shamrock, Bureaus is nominally, substantively and exclusively a defendant* in this case on account of the state court's Order of Realignment.

2011 WL 2313213 at *2 (emphasis added). Continuing its analysis, the *Stewart* court observed "two well-established principles of removal law." *Id.* at *3. First, in the Eleventh Circuit (just like the Eighth Circuit), jurisdiction is assessed at the time of removal, and "[the defendant] fails to explain how her claims remained counterclaims *as of the time of removal.*" *Id.* (Emphasis in original). Second, quoting from *Chase*, the court found itself duty bound to look at the substance of who was plaintiff and defendant:

> The "primary and controlling matter[s] in the dispute" are Ms. Stewart's claims against Bureaus. In fact, those claims are *the only* matters in the dispute. *Because the flow of all of the pending claims originates with Ms. Stewart and with her pleading that is nominally titled a "Counter–Complaint," there is no doubt that she is properly the plaintiff in the action, and Bureaus is properly the defendant.* Based on these developments, there is also no doubt that her "Counter–Complaint" was the complaint in this lawsuit by the time of removal. A contrary holding would be an abandonment of the duty "to look beyond the pleadings [and their titles] and arrange the parties according to their sides in the dispute."

*Id.* at \*4 (emphasis added), quoting *Chase*, 314 U.S. at 70. The court denied the motion to remand, stating that "removal by a realigned defendant based upon a pleading originally filed as a counter-complaint is proper under the circumstances presented in this case." 2011 WL 2313213, at \*6.

This Court should follow these well-reasoned decisions and, consistent with the Eighth Circuit and Supreme Court precedent discussed above, deny Plaintiffs' Motion to Remand.

## B.     Plaintiffs' Authorities Are Unavailing.

Plaintiffs do not (and cannot) contest that Commerce was nominally, substantively, and exclusively the defendant *at the time of removal*. They argue instead that such a conclusion is irrelevant for purposes of removal because the parties' alignment is determined at the time the original complaint is filed (*see* ECF 8 at 4-5), and that the Supreme Court's decision in *Shamrock* controls and requires remand. *See* ECF 8 at 3. The decisions cited and relied on by Plaintiffs to support these conclusions, including *Shamrock* and *Steeby*, are unavailing.

i.     *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In *Shamrock*, the question on appeal was whether a suit in which a counterclaim is filed is removable by the *current plaintiff*. 313 U.S. at 103. The Supreme Court held that the removal statute confers the ability to remove only on defendants and therefore the *plaintiff* (who still had claims pending against the defendant) was not entitled to remove despite also being a counterclaim defendant. *Id.*, at 107-08. Nowhere in *Shamrock* does the Supreme Court suggest or even implicate the "once a plaintiff always a plaintiff" rule Plaintiffs champion here. *See Hicknan*, 919 F. Supp. 2d at 1042 ("The *Shamrock* case established the general rule of law for removal under section 1441(a) which restricted removal to defendants. However, ***this restriction that defendants were the only parties which could remove a case to federal court did not establish that once a plaintiff in a state court action, always a plaintiff***, or that once a defendant always a defendant. Rather, the facts of

- 8 -

the *Shamrock* case stand for the rule of law that when a plaintiff in a state court action is a true plaintiff with claims pending against the defendant of the state action, the plaintiff cannot remove his or her case to federal court based on the counterclaims made by a defendant in the case.") (Emphasis added); *Stewart*, 2011 WL 2313213 at *2 (same; stating: "Aside from its holding that removal is limited to defendants, *Shamrock* is otherwise unhelpful to the present inquiry."). Likewise, the Seventh Circuit's *Bauer* decision, relied on by Plaintiffs (ECF 8 at 2, 3, 6, 7), analyzed *Shamrock* and determined: "All we know from *Shamrock Oil* is that removal is not available for a plaintiff who is a counterclaim-defendant." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 354 (7th Cir. 2017), citing *Shamrock*, 313 U.S. at 108-09.[5] Thus, *Shamrock* does not undermine Commerce's argument that it is a defendant entitled to remove under CAFA.[6]

       ii.    *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131 (W.D. Mo. 2013). In *Steeby*, this Court assessed the propriety of removal based on a snapshot of the parties "*at the time the [original] complaint was filed*," stating it "need not consider whether Discover was substantively a defendant under [the removal statute] at the time of removal." *Id.* at 1136. *Steeby* based that determination on the Eight Circuit's decision in *Universal Underwriters Ins. Co. v. Wagner*, 367 F. 2d 866 (8th Cir. 1966), stating: "The Eight Circuit … has held that for purposes of applying the federal removal statute, the parties' alignment is determined as of the time the original complaint is

---

[5] *Bauer* also found *West v. Aurora City*, 73 U.S. (6 Wall.) 139 (1867), cited by Plaintiffs (ECF 8 at 5), to be of little interpretive assistance because "[a]t that time… the rules governing counterclaims, cross-claims, and third-party claims were significantly different from those that now appear in the Federal Rules of Civil Procedure, and so there is no reason to believe that the Court was speaking one way or the other to the situation that confronts us here." *Bauer*, 845 F.3d at 354.

[6] Plaintiffs miss the point by citing to cases which hold that CAFA does not allow a *counterclaim defendant* to remove. ECF 8 at 2, 6-7. For purposes of this Opposition, Commerce does not (and does not need to) dispute those cases because it does not "'wear two hats, one as plaintiff and one as defendant.'" *Id.* at 2 (citation omitted). Commerce's claim was dismissed with prejudice, and the *only* claims in this case as of removal are those asserted by Plaintiffs. In all respects, Commerce is solely a defendant. When nominated and aligned as such, removal was proper.

filed, not at the time of removal." *Id.* at 1135 (citing *Wagner*, 367 F.2d at 871).[7] *Steeby* declined to follow *Hickman*'s "time of removal" holding because it "is based on Eleventh Circuit caselaw." 980 F.Supp. 2d at 1136. However, Eighth Circuit precedent after *Steeby* clarifies that a federal court's jurisdiction is measured *at the time of removal*. *See Grawitch*, 750 F.3d at 959; *Pudlowski*, 2016 WL 3902660, at *1; *see also Schubert*, 649 F.3d at 822; *Hargis*, 674 F.3d at 789. In short, the "jurisdictional snapshot" is taken when the case first enters federal court.[8]

Courts in the Western District have recognized this well-established Eighth Circuit precedent in cases decided after *Steeby*. *See, e.g., Mikelson v. Allstate Fire and Cas. Ins. Co.*, 16-01237-CV-W-RK, 2017 WL 634515, at *3 (W.D. Mo. Feb. 16, 2017) (Ketchmark, J.) ("28 U.S.C. § 1441(a) allows an action to be removed if a district court has original jurisdiction. 28 U.S.C. § 1332(a) provides that a district court has original jurisdiction in a civil matter between diverse citizens in which the amount-in-controversy is at least $75,000. 'The court's jurisdiction is measured at the *time of removal*.'") (Emphasis added) (quoting *Grawitch*, 750 F.3d at 959); *Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6209705, at *3 (W.D. Mo. Dec. 8, 2017) (Kays, J.) ("In *determining whether removal was appropriate*, the court's jurisdiction is determined *at the time the case was removed*, even if 'subsequent events may remove from the case

---

[7] *Steeby* also cites *Deaver* as authority for this proposition. *Steeby*, 980 F. Supp. 2d at 1135. As discussed in more detail below, however, the court in *Deaver* based its decision to remand on *Shamrock*, not *Wagner*, because the parties had not been realigned prior to removal. *Deaver*, 2013 WL 2420392, at *2-3. The *Deaver* court discussed *Wagner* solely in the context of the defendant's *post-removal motion to realign*, holding that *Wagner's* reasoning applied even though it "did not involve removal jurisdiction" because the defendant did "not offer persuasive case law in support of the proposition that the precedent . . . is inapplicable when realignment is sought after removal." *Id.* at *5. The issue here is not realignment in federal court—that was already done in state court. ECF 1-1. Rather, it is whether Commerce is a defendant entitled to remove under CAFA, which is a different question governed by a different set of precedents.

[8] This is consistent with *Wagner*, which involved an original complaint filed in federal court. *Wagner* did not concern removal or determining who is a defendant for purposes of the removal statutes—it was limited to whether a subsequent act (realignment) could destroy diversity jurisdiction in a case initially filed in federal court. *See Wagner*, 367 F.2d at 870-71.

the facts on which jurisdiction was predicated.'") (Emphasis added); *Gauert v. Gerdau Ameristeel U.S. Inc.*, 2017 WL 1609861, at *1 (W.D. Mo. May 1, 2017) (Kays, J.) ("Jurisdiction is determined at the time of removal, even though later events may have removed from the case the facts on which jurisdiction was predicated, including the dismissal of a defendant. . . .") (Internal citations omitted); *Slocum v. Gerber Products Co.*, 2:16-CV-04120-NKL, 2016 WL 3983873, at *4 (W.D. Mo. July 25, 2016) (Laughrey, J.) ("First, the Court is to consider whether it has jurisdiction over an action based on the time of removal.").[9]

The *Steeby* decision is also distinguishable in that it did not involve CAFA. The Court noted in *Steeby* that it would have remanded "even if Discover's argument were not foreclosed by . . . *Wagner*" because it has to "resolve all doubts about removal in favor of remand." *Steeby*, 980 F. Supp. 2d at 1137. That would not be the case here because the policies of CAFA both remove the presumption that all doubts are resolved in favor of remand and support that this nationwide class action should remain in federal court. *Dart*, 135 S. Ct. at 554 (noting that "no antiremoval presumption attends cases invoking CAFA," and "'CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (quoting S. Rep. No. 109-14, p. 43 (2005)).[10]

---

[9] As *Steeby* notes, federal law controls who is a "defendant" for purposes of removal, 980 F. Supp. 2d at 1135, and the concerns voiced in *Stude* (regarding certain state law procedural vagaries) require that courts not accept at face value a state court's realignment/captioning of parties. *Id.*, citing *Stude*, 436 U.S. at 580. Similarly, district courts must "look beyond the pleadings" to independently confirm the substance. *Chase*, 314 U.S. at 70; *see Hrivnak*, 723 F.Supp. 2d at 1028 (A state court realignment creating removal jurisdiction is "subject to the caveat that a federal court must exercise its own judgment to ensure that opposing parties are on opposite sides of a dispute.") In that regard, the dismissal with prejudice of Commerce's claim (underlying the state court's decision to realign and nominate Commerce as "Defendant" (ECF 1-1)), is easily verifiable from the record. ECF 1-2 at 190. None of the state law procedural quirks mentioned in *Stude* are in play here; nor is control ceded to the state court—in fact, the state court's order expressly recognizes that the determination of removal/remand is the federal court's province. ECF 1-1.

[10] Plaintiffs try to brush aside CAFA by arguing that cases have held that CAFA's use of "any defendant" did not expand removal jurisdiction to encompass *counterclaim defendants*. ECF 8 at 6-7. This is a straw horse. Commerce's right to remove does not depend on whether CAFA expanded the definition of "defendants." Rather, removal jurisdiction is measured **when the case arrives in federal court—whether by initial filing or by removal**. *Hargis*,

iii.     *Arrow Financial Services, LLC. v. Williams,* 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011). The *Arrow* decision is distinguishable for the following three reasons: (1) the court did not consider or apply the well-established principles discussed above, which make clear that the propriety of removal is measured *at the time of removal* and that the determination of who is a defendant for purposes of removal requires a *substantive* analysis of the circumstances *at the time of removal* (*id.* at *2-3)[11]; (2) unlike Commerce here, the plaintiff in *Arrow* dismissed its claim *without* prejudice and removed *without* being formally realigned in state court (*see id.* at *1); and (3) the court in *Arrow* was concerned with the potential for forum shopping (*see id.* at *4), a risk absent here because, unlike the plaintiff in *Arrow*, Commerce dismissed its affirmative claims *with prejudice* prior to realignment.[12] *See* ECF 1-1.

iv.     *General Credit Acceptance Co., LLC. v. Deaver*, 2013 WL 2420392 (E.D. Mo. June 3, 2013). *Deaver* is distinguishable for two reasons. First, like in *Arrow*, the party removing was not realigned by the state court prior to removal. *See Deaver*, 2013 WL 2420392, at *3. The court made clear this was an important distinction influencing its decision:

---

674 F.3d at 789 (In removal case, Eighth Circuit stated: "It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." (Citations omitted)). CAFA's strong preference for these types of class actions to be in federal court bolsters removal in this case.

[11] The *Arrow* court's reliance on *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) to support its position is misplaced. *See Arrow*, 2011 WL 9158435, at *3. In *Holmes Group*, the Supreme Court held that a counterclaim cannot serve as the basis for "arising under" jurisdiction such that the Federal Circuit had jurisdiction to hear an appeal. 535 U.S. at 831. The Court did not address the issue of who is a defendant for purposes of removal. Nor did it consider the well-pleaded complaint rule in a situation like this, where the parties have been realigned such that *at the time of removal* a counterclaim *is* the complaint filed by the plaintiff. Allowing removal here would not "eviscerate the well-pleaded complaint rule." *See Arrow*, 2011 WL 9158435, at *4. Rather, it is consistent with that rule because the basis for removal is Plaintiff's Complaint, the sole affirmative pleading remaining in the case.

[12] To the extent the issue of "forum shopping" is even relevant to the analysis here (it is not), it is a wash. Both parties have availed themselves of procedural mechanisms available to them under Missouri and federal law. Plaintiffs filed this putative class action as a counterclaim in an attempt to avoid removal under CAFA, and Commerce dismissed its affirmative claims and sought realignment in state court so that it could remove. Importantly, however, Commerce certainly did not intentionally select the state associate circuit court as the forum in which to defend against a putative *nationwide* class action seeking the recovery of millions of dollars in damages under a multitude of state laws with varying interpretations of the UCC. As discussed above, Commerce filed its deficiency claim in state court because that was the *only* venue where it could be filed under Missouri and federal law. Congress made clear when it enacted CAFA that the types of claims asserted by Plaintiffs should be litigated in federal court. *See* Section II.A.1, *supra*.

> GCAC contends that there are several recent cases with similar factual situations, in which removal by the counterclaim defendant was found to be proper. However, unlike the instant action, in three of the cases cited by GCAC, *Hrivnak v. NCO Portfolio Mgmt.,* 723 F.Supp.2d 1020, 1028 (N.D.Ohio 2010), *Passmore v. Discover Bank,* No. 1:11CV01347, 2012 WL 2332233, at * 1(N.D. Ohio June 14, 2012), and *Stewart v. Bureaus Ins. Grp. # 1,* No. 3:10CV1019, 2011 WL 2313213, at *3 (M.D. Ala. June 10, 2011), **the state court had already realigned the parties prior to the removal**. These federal courts held that when a state court realigns parties, the realigned defendant can properly remove an action to federal court. *Id.* (as to entire string citation). **Here, the state court did not realign the parties, and GCAC was still the plaintiff at removal**.

*Id.* (emphasis added). Second, the court relied exclusively on *Shamrock*, interpreting its holding as establishing a hard rule that an original plaintiff can never remove. *See id.* at *2-3. As discussed above, this interpretation improperly expands *Shamrock* beyond the boundaries of its facts and holding (i.e., unlike Commerce, the removing party in *Shamrock* wore "two hats").

       v.    *Midland Funding LLC v. Jackson,* 2014 WL 2800756, at *2 (E.D. Mo. June 19, 2014). The *Midland* decision is factually distinguishable for the same reason as *Arrow* and *Deaver*—i.e., the plaintiff removed after dismissing its claims but did not seek realignment in state court prior to removal. *See* 2014 WL 2800756, at *1. It is also legally distinguishable for the same reason as *Steeby* in that it relies on *Wagner* for the proposition that alignment for purposes of removal is determined as of the time the original complaint is filed, and did not address well-established Eighth Circuit precedent requiring jurisdiction to be determined at the time of removal. *See id.* at *2 (citing *Wagner,* 367 F.2d at 871) and *3 (same). *Midland* also was not a CAFA case.

## C.    Commerce Did Not Waive Its Right To Remove.

Commerce did not waive its right to remove because it did not *have* a right to remove until June 27, 2018, when the state court realigned the parties (*see* 28 U.S.C. § 1446(b)(3)), and Commerce did not take any action in state court other than filing the required notice to clerk after that date. It is axiomatic that Commerce could not waive its right to remove before such a right

existed. *See Adams v. Lederle Laboratories*, 569 F. Supp. 234, 247 (W.D. Mo. 1983) ("[I]t is obvious that a defendant's acts in the state court, taken before the case became removable ***or before the defendant was able to determine that the case was removable***, cannot be taken as a waiver of the right to remove.") (Emphasis added); *Wright v. Lupton*, 118 F. Supp. 25, 26 (W.D. Mo. 1954) ("The pleadings of a defendant prior to the time when it first appears from plaintiff's pleadings that the cause is removable will not effect a waiver of the statutory right to removal."); *Parshall v. Menard, Inc.*, 4:16-CV-828 (CEJ), 2016 WL 3916394, at *3 (E.D. Mo. July 20, 2016) ("However, here, defendant filed its third-party complaint well before the action became removable. The Court cannot conclude that defendant waived a right it did not yet have at that point in the proceedings."); *see also Bajaba, LLC v. Gen. Steel Dom. Sales, LLC*, 14-CV-4057, 2014 WL 5363905, at *3 (W.D. Ark. Oct. 21, 2014) ("[A] defendant cannot waive his/her right to remove by defending the action in state court ***before the right of removal existed.***") (Emphasis added)).

This case is not like *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171, 172 (W.D. Tenn. 1986), cited by Plaintiffs (ECF 8 at 7), where the Western District of Tennessee found waiver because the defendant moved for directed verdict and a mistrial *after* the right to remove was triggered and before it removed. Moreover, the court in *Bolivar* acknowledged that the right to remove can only be waived "by acts taken ***subsequent*** to the creation of the right [to remove] that indicate a submission to the jurisdiction of the state court." 631 F. Supp. at 172 ("In a case such as the present in which the right to remove did not exist initially, the issue is what acts are sufficient, ***once that right is created***, to constitute a waiver of the right.") (Emphasis added). There is also nothing "unfair" about Commerce's removal, which is expressly contemplated by the removal statutes. *See* 28 U.S.C. § 1446(b)(C)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

**D.    There Is No Basis For Awarding Costs And Fees To Plaintiffs.**

This Court recognized in *Steeby* that the issue presented here is a "difficult" one involving "the collision of two jurisdictional principles" that "no circuit courts have directly addressed." 980 F. Supp. 2d at 1134. Since *Steeby*, the Eighth Circuit clarified that the propriety of removal is tested *at the time of removal* (*see Williams,* 845 F.3d at 900; *Pudlowski,* 2016 WL 3902660, at \*1; *Grawitch,* 750 F.3d at 959), which authority provides the basis for Commerce's removal and negates Plaintiffs' position that *Wagner* controls the outcome. This case is also removed under CAFA, which repudiated the presumption in favor of remand and espoused strong policy reasons for claims such as Plaintiffs to be heard in federal court. Thus, it was objectively reasonable for Commerce to remove when it was nominally, substantively, functionally, and exclusively the *defendant* in this case *at the time of removal*.[13]

## III.    CONCLUSION

Contrary to Plaintiffs' assertion, Commerce is not "attempting to 'remove its own lawsuit to federal court,'" ECF 8 at 1-2—Commerce's Petition was dismissed with prejudice. The only claim pending at the time of removal is the putative class action, in which Commerce is in all respects the defendant. At the time of removal, Commerce wears no hat other than defendant, and removal under CAFA is therefore proper.

---

[13] *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Conversely, when an objectively reasonable basis exists, fees [under 28 U.S.C. §1447(c)] should be denied."); *Convent Corp. v. City of North Little Rock, Ark.*, 784 F. 3d 479, 483 (8th Cir. 2015) ("In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant. Rather, the court must consider the ***objective merits of removal at the time of removal***, irrespective of the ultimate remand.") (Emphasis added; internal citations and quotations omitted).

Respectfully submitted,

THOMPSON COBURN LLP

By:   /s/ Edwin G. Harvey
      Edwin G. Harvey, #30565
      David M. Mangian, #61728
      One US Bank Plaza
      St. Louis, Missouri 63101
      314-552-6000
      FAX 314-552-7000
      eharvey@thompsoncoburn.com
      dmangian@thompsoncoburn.com

*Attorneys for Defendant Commerce Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

Martin L. Daesch
Jesse B. Rochman
Onder, Shelton, O'Leary & Paterson, LLC
110 E. Lockwood Ave.
St. Louis, MO 63119
daesch@onderlaw.com
rochman@onderlaw.com

/s/ Edwin G. Harvey

- 16 -