# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BEVERLY J. WILLIAMSON, and NICHOLE POTTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:18-CV-00513-DGK ) |
| COMMERCE BANK, | ) ) |
| Defendant. | ) ) |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises from Plaintiffs Beverly Williamson and Nichole Potter's class action counterclaim filed after Defendant Commerce Bank ("Commerce") attempted to collect a deficiency judgment against them in state court.

Now before the Court is Plaintiffs' motion to remand (Doc. 7). Williamson and Palmer argue Commerce did not have the right to remove this case from state court because Commerce is a plaintiff for purposes of the federal removal statutes, 28 U.S.C. §§ 1441 and 1446(a), 28 U.S.C. § 1331, and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Commerce alleges that because it dismissed its deficiency judgment against Plaintiffs with prejudice and the state court recaptioned it as a defendant, it is a defendant for the purposes of the federal removal statutes. Because the parties' alignment is determined as of the time the original complaint is filed for purposes of the federal removal statutes, the motion is GRANTED and this case is REMANDED to the Circuit Court of Carroll County, Missouri.

## Background

In May 2016, Commerce filed a petition in the Circuit Court of Carroll County against Williamson and Palmer, seeking a deficiency judgment after it repossessed their car. Williamson

and Palmer responded by filing a class action counterclaim against Commerce, alleging Commerce's presale and post-sale notices violated the Uniform Commercial Code ("UCC"). In September 2016, Commerce filed a motion to dismiss Williamson and Palmer's class action counterclaims. The state court denied Commerce's motion in June 2017. Three months later, Commerce voluntarily dismissed its deficiency judgment and moved to realign the parties.[1] In June 2018, the state court realigned the parties, designating Williamson and Palmer as the Plaintiffs and Commerce as Defendant. A month later, Commerce filed its notice of removal.

Williamson and Palmer move to remand this case, arguing Commerce is considered a plaintiff pursuant to the federal removal statutes, and therefore, did not have the statutory authority to remove the case to federal court.

**Standard**

CAFA provides that any class action over which the district court has jurisdiction pursuant to § 1332(d)(2) is removable by any defendant without the consent of the remaining defendants and without regard to whether any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1453(b). A class action must be removed in accordance with section 1446,[2] which sets forth the removal procedure for "[a] defendant or defendants desiring to remove any civil action … from a State court."

A plaintiff, however, may challenge removal through a motion to remand. 28 U.S.C. § 1447(c). Traditionally, the party seeking removal and opposing remand has the burden of establishing that an action should not remanded. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d

---

[1] The state court Order realigning the parties stated, "Counterclaim Defendant requests realignment for the express purpose for seeking removal to federal court under the Class Action Fairness Act ("CAFA")" (Doc. 1, Ex. 1, p.2).

[2] The one-year time limitation under section 1446(c)(1) does not apply to removal pursuant to CAFA. 28 U.S.C. § 1453(b).

819, 823 (8th Cir. 2010). But the Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

**Discussion**

The issue here is whether Commerce became a defendant for purposes of the federal removal statute by dismissing its claims and being recaptioned by the state court as the defendant.

**I.     Commerce is the plaintiff for purposes of the federal removal statute.**

The Court addressed this exact issue in *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1134 (W.D. Mo. 2011), under the general removal statute, 28 U.S.C. § 1441. In that case, Discover Bank ("Discover") sued to recover a credit card debt and then voluntarily dismissed its claims against the original defendant, Steeby, after he filed a counterclaim against Discover. The state court then recaptioned Discover as the defendant, and Discover removed the case to federal court. *Id*. The Court remanded the case back to state court, finding a state court's realignment is irrelevant in determining who is a defendant for purposes of the federal removal statute. *Id*. at 1135. The Court noted that, under federal law, "the parties' alignment is determined as of the time the original complaint is filed, not at the time of removal." *Id*., citing, *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966). Because Discover was the plaintiff when it filed the original complaint in state court, it therefore was also considered the plaintiff for purposes of the removal statute. Accordingly, because a "plaintiff may not remove a state court action when it has to defend a counterclaim that could have been brought in federal court," the Court remanded the case to state court. *Id*. at 1137; *accord Midland Funding LLC v. Jackson*, No. 1:13-CV-177-

ACL, 2014 WL 2800756, at *2 (E.D. Mo. June 19, 2014); *Arrow Financial Services, LLC v. Williams*, No. 10-3416-CV-S-DW, at *2-3 (W.D. Mo. Jan 20, 2011).

The Court's ruling in *Steeby* has been echoed by a sister district court in the Eastern District of Missouri. In *General Credit Acceptance, Co., LLC v. Deaver*, No. 4:13-CV-00524, 2013 WL 2420392, at *2 (E.D. Mo. June 3, 2013), the court found the original state court plaintiff was the plaintiff for purposes of removal under CAFA, even though it dismissed its claims against the original defendant, and the only claims remaining in the case were counterclaims. The court noted:

> CAFA's removal provision, section 1453(b), provides that "[a] class action may be removed to a district court ... in accordance with section 1446." Section 1446, in turn, sets forth the removal procedure for "[a] defendant or defendants desiring to remove any civil action ... from a State court." The interpretation of "*defendant or defendants*" for purposes of federal removal jurisdiction continues to be controlled by *Shamrock* [*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)], which excludes plaintiff/cross-defendants from qualifying "defendants." The Court therefore finds, in accordance with *Shamrock*, that GCAC, the original Plaintiff, cannot remove this action based on Deaver's counterclaim.

*Id*. at *3 (internal citations omitted) (emphasis in original). The court, therefore, remanded the case back to state court. *Id*.[3]

Commerce's argument that *Steeby* and *Deaver* have been superseded by subsequent Eighth Circuit decisions holding that the propriety of removal is determined at the time of removal is at best unavailing, and arguably misleading.[4] The cases cited by Commerce address whether the federal court had subject matter jurisdiction, not whether the defendant had the statutory right to remove the case. *See Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 900 (8th Cir. 2017)

---

[3] Acknowledging that removal under CAFA does not change who is a defendant for purposes of federal removal (Doc. 10, p. 11, n. 10), Commerce attempts to distinguish *Deaver* by arguing that, unlike in this case, the party removing was not realigned by the state court. But as this Court held in *Steeby*, 980 F. Supp. 2d at 1135, and as the state court also noted in its decision to realign the parties in this case (Doc. 1, Ex. 1), a state court's realignment is irrelevant in determining who is a defendant for purposes of the federal removal statute.

[4] Commerce also cites to district court cases from other circuits that have held the propriety of removal is determined at the time of removal. Those cases are not binding on this Court, and *Steeby* recognized "the handful of district courts that have discussed this question have reached different results." 980 F.Supp.2d at 1134.

4

(finding the district court had subject matter jurisdiction over the case because *at the time of removal* it was a "class action" as defined by CAFA); *Rudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (holding that although a federal court's subject matter jurisdiction is measured "at the time of removal," the district court erred in refusing to consider postremoval evidence, effectively denying the Rams the opportunity for jurisdictional discovery to establish federal jurisdiction); *Grawitch v. Charter Commc'ns*, 750 F.3d 956, 959-60 (8th Cir. 2014) (addressing whether Charter met its burden of showing the amount in controversy exceeded CAFA's $5 million jurisdictional threshold at the time of removal).

This Court agrees a federal court's subject matter jurisdiction is determined at the time of removal. *See Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6209705, at *3 (W.D. Mo. 2017). But that is not the issue here. The issue is whether Commerce had the statutory right to remove the case. The Court concludes it did not.

As stated in *Steeby*, "What matters for the removal analysis is whether [Commerce] was a defendant at the time the complaint was filed." 980 F. Supp. 2d at 1136. Here, at the time the complaint was filed, Commerce was the plaintiff. Accordingly, Commerce had no statutory right to remove the case, and this case should be remanded.

II. **Commerce's removal was not objectively unreasonable.**

Williamson and Palmer request the Court award fees and costs because Commerce improvidently removed this case. The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1147(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. In determining whether the removing party lacked an objectively reasonable basis for seeking

removal, the Court does not consider the removing defendant's motive, but instead must consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

Williamson and Palmer contend Commerce lacked an objectively reasonable basis to remove because it was aware of the authority finding the propriety of removal is determined at the time the original complaint is filed. They also argue Commerce removed for the purpose of prolonging the litigation. Commerce responds, however, by alleging its removal was objectively reasonable because the Eighth Circuit clarified after *Steeby* that a federal court's jurisdiction is determined at the time of removal and removal under CAFA, which has no antiremoval presumption, changes the outcome of *Steeby*.

This case presents a close call. Commerce was clearly aware of the district court cases in this circuit finding that for purposes of the federal removal statute, alignment is determined at the time the original complaint was filed; Williamson and Palmer cited these cases in their state court brief opposing realignment. The Court also finds it concerning that Commerce attempts to blur the line between subject matter jurisdiction and the statutory authority to remove by misrepresenting that the Eighth Circuit has held alignment for purposes of the federal removal statute must be determined at the time of removal.

At the same time, the objective of awarding fees and costs is not to discourage defendants from seeking removal in all but the most obvious cases, *Martin*, 546 U.S. at 141, and the Court in *Steeby* recognized the issue presented here is a "difficult" one involving the "collision of two jurisdictional principles," 980 F. Supp. 2d at 1134. Although Commerce's argument is weak, the Court cannot find it lacked an objectively reasonable basis for seeking removal, especially given that the Eighth Circuit has not addressed the exact issue in this case.

**Conclusion**

Accordingly, Plaintiffs' Motion is GRANTED, and this case is remanded to the Circuit Court of Carroll County, Missouri, without an award of costs or attorney's fees.

**IT IS SO ORDERED.**

Date:  October 2, 2018              /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT